IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OSCAR RANGEL,

Petitioner,

OPINION AND ORDER

v.

25-cv-556-wmc

WARDEN E. EMMERICH,

Respondent.

---

Petitioner Oscar Rangel, also known as Oscar Martin Rangel-Gutierrez, is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Representing himself, petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence by the United States Bureau of Prisons ("BOP"). (Dkt. #1.) Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), which would shorten the length of his imprisonment. Respondent contends that relief must be denied because petitioner is not eligible for the time credits he seeks. (Dkt. #15.) The court agrees and, for reasons explained below, the petition will be denied.

OPINION

Petitioner, who is a native and citizen of Mexico, is currently incarcerated as the result of a 2019 conviction from the United States District Court for the Western District of North Carolina for possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A), as well as drug-trafficking conspiracy and money laundering. *United States v. Rangel-Gutierrez*, No. 5:19-cr-27 (W.D.N.C. Aug. 2, 2019) (dkt.

#25). Petitioner received a 175-month prison sentence in that case. His projected release date is May 8, 2027. Petitioner argues, however, that he would be entitled to expedited release if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). (Dkt. #1, at 1.)

The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). Petitioner believes he has been denied FTCs because of an order of removal issued previously by immigration officials, which he disputes.

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Petitioner cannot make that showing here.

Federal prisoners who are "the subject of a final order of removal under any provision of the immigration laws" are ineligible to have FTCs apply to their sentences. 18 U.S.C. § 3632(d)(4)(E)(i). Respondent presents records showing that immigration officials issued petitioner an expedited order of removal on September 4, 2010. (Skelly Decl. (dkt. #13) ¶ 10.) Although petitioner was removed to Mexico the following day, he

illegally re-entered the United States and was subsequently convicted of the above-referenced drug-trafficking offenses in the Western District of North Carolina. (*Id.*) Here, petitioner contends that § 3632(d)(4)(E)(i) has been wrongly applied to him because his prior order of removal has not been reinstated by the Department of Homeland Security and, therefore, may not be used to disqualify him from FTCs.

The Seventh Circuit has explained that "[o]nce an order [of removal] has been executed, it cannot be re-executed," and must be reinstated to be effective again. *Valezquez-Olais v. Blanche*, 172 F.4th 536, 538 (7th Cir. 2026). Although petitioner was not subject to an order of removal when he filed his petition, respondent has presented evidence showing that DHS has since reinstated his removal order and intends to deport him upon release. (Skelly Decl. (dkt. #13) ¶ 19; Notice of Intent/Decision to Reinstate Prior Order (dkt. #13-1) at 2.) The reinstated order of removal became final "immediately upon issuance." *Riley v Bondi*, 606 U.S. 259, 267 (2025). This means that the BOP cannot now apply his FTCs to his sentence. *See* 18 U.S.C. § 3632(d)(4)(E)(i); *see also Altamirano v. Emmerich*, No. 25-cv-575-jdp, 2025 WL 3251106, at *1 (W.D. Wis. Nov. 21, 2025) ("[T]he plain language of the First Step Act precludes application of earned credits once a final order of removal is reinstated, even after a habeas petition was filed."), *aff'd*, No. 25-3197, 2026 WL 31151996 (7th Cir. Oct. 21, 2026).

Respondent notes further that petitioner is also disqualified from eligibility for FTCs because the presentence report for his 2019 conviction in the Western District of North Carolina shows that he was sentenced as a manager or supervisor of a drug-trafficking offense involving methamphetamine. (Dkt. #15, at 4.) For this additional reason,

petitioner is ineligible to have FTCs applied towards his early release. *See* 18 U.S.C. § 3632(d)(4)(D)(lxvii) (excluding from eligibility prisoners convicted of a controlled-substance offense involving methamphetamine under 21 U.S.C. § 841(b)(1) in which the offender was an "organizer, leader, manager, or supervisor of others in the offense"). Petitioner has not filed a reply and does not dispute any of the reasons for his ineligibility offered by respondent. Accordingly, the petition will be denied, and this case will be dismissed.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed under 28 U.S.C. § 2241 by petitioner Oscar Rangel (dkt. #1) is DENIED and this case is DISMISSED WITH PREJUDICE.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 4th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge